```
 1
 2
 3
 4
 5
 6
 7                    UNITED STATES DISTRICT COURT
 8                   CENTRAL DISTRICT OF CALIFORNIA
 9                          WESTERN DIVISION
10
11  VANCE BLAINE,                    )  No. CV 10-9038 CJC (VBK)
                                     )
12            Plaintiff,             )  ORDER RE DISMISSAL OF COMPLAINT
                                     )  WITH LEAVE TO AMEND
13       v.                          )
                                     )
14  LESLEY KLEIN, et al.,            )
                                     )
15            Defendants.            )
                                     )
16  _____ )
```

17    Pro se Plaintiff Vance Blaine (hereinafter referred to as
18 "Plaintiff") filed a civil rights complaint against Defendants Lesley
19 Klein (District Attorney); Hilary Rhonan (District Attorney); Hideo E.
20 Nakano (Attorney); Marshall Marilee (Attorney); Compton Police
21 Department (Crime Scene Investigators and Collector of Evidentiary
22 Specimens); Martin Luther King Hospital Supervisors John & Jain (sic)
23 Does 1-50 (Supervising the Collecting of DNA from a Victim); Dr.
24 Reedy; John and Jane Does of five (5) unknown state DNA laboratories
25 in both their individual and official capacities. (Complaint at 6-8.)
26    Plaintiff requests the Court provide him with reasonable
27 accommodations and appointment of counsel. Plaintiff alleges he is
28

currently being treated for cancer which has some side effects.[1]

Plaintiff is attempting to obtain "post-conviction access to all known evidentiary specimens and samples from the crime scene and the criminal investigation in case number A641525, the victim Shawanna Demier Neal, Compton Police Department and Martin Luther King Hospital." (Complaint at 9.)

Plaintiff intends to subject the collected crime scene evidence to DNA testing that was unavailable at Plaintiff's trial. Id. at 10. Plaintiff requests that "each named defendant release all cell collected biological evidence collected from the crime scenes." Plaintiff intends to use this exculpatory DNA evidence to petition the State Courts through a Writ of Habeas Corpus for relief on the grounds of actual innocence.

//

---

[1] Plaintiff's request for appointment of counsel is **DENIED** without prejudice. There is no constitutional right to appointed counsel in civil rights actions. See, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997)(No right to appointed counsel in §1983 action). The Court has no direct means by which to compensate counsel for representing Plaintiff; nor does the Court have authority compulsorily to appoint an attorney to represent Plaintiff. Mallard v. U.S. Dist. Court, 490 U.S. 296, 298, 301-10, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). In exceptional circumstances, the Court has discretion to request counsel to voluntarily provide representation. 28 U.S.C. §1915(e)(1)[former §1915(d)]("The court may request an attorney to represent any person unable to afford counsel."); see also Mallard, supra; United States v. 30.64 Acres of Land, 795 F.2d 796, 798-803 (9th Cir. 1986). To decide whether such "exceptional circumstances" exist, the Court must evaluate both the likelihood of a litigant's success on the merits and his or her ability to articulate claims pro se in the light of the complexity of the legal issues involved. Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). At this time, the Court does not find the required exceptional circumstances to exist in this case. Plaintiff is assured that, in keeping with the law of this Circuit, the Court will liberally construe the pleadings of a pro se litigant and will afford Plaintiff the benefit of any doubt regarding the claims presented. See, Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988).

**STANDARD OF REVIEW**

A complaint may be dismissed for lack of subject matter jurisdiction, pursuant to F.R.Civ.P. 12(b)(1). Neitzke v. Williams, 490 U.S. 319, 327 n.6, 109 S.Ct. 1827 (1989) (unanimous decision)(patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. When considering a dismissal, a Court must accept as true all allegations and material facts and must construe those facts in a light most favorable to the plaintiff. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). However, a "court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Nor is a Court "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of the cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555.) The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 1950 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

//
//
//
//
//
//

**DISCUSSION**

For all of the following reasons, the Complaint should be dismissed with leave to amend.

**A.  Plaintiff Has Failed To State A Claim Under Section 1983**.

42 U.S.C. §1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In order to state a claim under §1983, Plaintiff must allege that: (1) Defendant was acting under color of state law at the time the complained-of act was committed; and (2) Defendant's conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662 (1986); Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir.), cert. denied, 119 S.Ct. 540 (1998).

Plaintiff also must establish causation, by demonstrating that each Defendant personally was involved in the constitutional violation, or that there was a sufficient causal connection between the Defendant's wrongful conduct and the constitutional violation.

1 Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir.
2 1991)(en banc), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black,
3 885 F.2d 642, 646 (9th Cir. 1989). "The inquiry into causation must
4 be individualized to focus on the duties and responsibilities of each
5 individual defendant whose acts or omissions are alleged to have
6 caused a constitutional deprivation." Leer v. Murphy 844 F.2d 628,
7 633 (9th Cir. 1988).

8     Liability may be imposed on an individual defendant under §1983
9 only if the plaintiff can show that the defendant proximately caused
10 the deprivations of his federally protected rights of which he
11 complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris
12 v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).

13     Here, Plaintiff has failed to set forth sufficient facts against
14 Defendants to state a civil rights cause of action under 42 U.S.C.
15 §1983. "Section 1983...only creates a cause of action for violations
16 of the federal 'Constitution and laws'." Sweaney v Ada County, Idaho,
17 119 F. 3d 1385, 1391 (9th Cir. 1997). "To the extent that the
18 violation of a state law amounts to the deprivation of a state created
19 interest that reaches beyond that guaranteed by the federal
20 Constitution, Section 1983 offers no redress." Id.(citations omitted.)

21     It appears that Plaintiff is attempting to claim that Defendants
22 denied him access to evidence for DNA testing. Plaintiff's claims are
23 foreclosed by the Supreme Court's decision in District Attorney's
24 Office for the Third Judicial District v. Osborne ___U.S. ___, 129
25 S.Ct. 2308, 2319-23,174 L.Ed.2d 38 (2009), in which the Court held
26 there was no federal constitutional right to obtain post-conviction
27 access to the state's evidence for DNA testing. In particular, a
28 prisoner has no substantive due process right to obtaining DNA

evidence after his conviction. Id. at 2322-23. Rather, a person claiming a due process violation with regard to post-conviction DNA testing must show that he has a protected liberty interest created by the laws of his state "to prove his innocence even after a fair trial has proved otherwise." Id. at 2319. If he makes such a showing, he must then show that the state's procedure for obtaining DNA evidence is constitutionally inadequate because it "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, or transgresses any recognized principle of fundamental fairness in operation." Id. at 2320. Because a convicted prisoner has a lesser liberty interest than a criminal defendant who had not yet been convicted, the state correspondingly has more flexibility in demanding what procedural protections to afford in the context of a criminal trial. Id. at 2320.

Here, Plaintiff has failed to allege that he requested the DNA evidence in the California state courts prior to filing the within action in the Federal Court. California Penal Code Section 1405 provides an elaborate scheme under which a person in prison may seek and obtain DNA testing of evidence. Section 1405(a) provides for a written motion to be made by a person seeking performance of DNA testing; Section 1405(c)(1) sets forth the particular showing that the movant must make; Section 1405(b) provides for the appointment of counsel to assist an indigent movant; Section 1405(c)(2) provides for notice to the prosecutorial authority and an opportunity to be heard; Section 1405(d) allows disclosure of results from tests already performed; Section 1405(e) allows for a hearing on the motion; Section 1405(f) provides criteria under which the court "shall grant the motion for DNA testing"; Section 1405(g)(1) provides that, if testing

is allowed, the court "shall identify the specific evidence to be tested and the DNA technology to be used"; Section 1405(g)(2) describes a procedure for selecting the laboratory at which testing will be done; Section 1405(h) describes how costs will be allocated and allows for costs not to be allocated to an indigent inmate; Section 1405(j) provides for judicial review by petition for writ of mandate or prohibition; Section 1405(k) provides for testing "as soon as practicable" unless the court orders it expedited; and Section 1405(m) provides that the right to file such a motion is absolute and not waivable.

Plaintiff has failed to allege that Penal Code Section 1405 offends some fundamental principle of justice or is fundamentally unfair so as to violate due process. Accord <u>Clifton v. Cline</u>, 2009 WL 256548 (E.D.Cal. 2009) (finding California's procedures for obtaining access to evidence for DNA testing pursuant to Section 1405 satisfy due process requirement of fundamental fairness); <u>Soderstrom v. Orange County District Attorney</u>, 2009 WL 3805647(C.D. Cal. 2009) (holding that California's procedures, as in Osborne, are entirely adequate to satisfy due process). As a result, the alleged facts, when liberally construed and viewed in a light most favorable to Plaintiff, do not state a claim that Defendants violated his constitutional right to due process by denying his post-conviction request for evidence for DNA testing.

    **B.** **Defendants Have Eleventh Amendment Immunity in Their Official Capacity**

Plaintiff has named Defendants in their official capacities. The Eleventh Amendment prohibits federal jurisdiction over suits against

the state or a state agency unless the state or agency consents to the suit. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53, 116 S. Ct. 1114 (1996); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984); Quern v. Jordan, 440 U.S. 332, 342, 99 S. Ct. 1139 (1979).. As a result, Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment.

### C. Prosecutorial Immunity.

Here, Plaintiff names as Defendants Lesley Klein (District Attorney) and Hilary Rhanan (District Attorney). It is well-settled that individual prosecutors are absolutely immune from civil rights damages liability for activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984 (1976)(prosecutors absolutely immune for conduct during initiation or trial of criminal case), see also Fletcher v. Kalina, 93 F.3d 653, 654 (9th Cir. 1996), cert. granted, 522 U.S. 118 (1997). This immunity attaches based upon a defendant's performance of a quasi-judicial prosecutorial function, not simply by virtue of a defendant's status as a prosecutor. Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993); see also Fletcher, 93 F.3d at 655. Therefore, in determining whether particular claims against a prosecutor are barred, the Court accepts the Plaintiff's factual allegations as true, and then considers the "nature of the function performed, not the identity of the actor." Buckley, 509 U.S. at 269.

Under this "functional" analysis, prosecutorial immunity applies, for example, to a prosecutor's conduct in: (1) initiating and pursuing

1  criminal proceedings, Buckley, 509 U.S. at 269; Schlegel v. Bebout,
2  841 F.2d 937, 942 (9th Cir. 1988); (2) performing investigative and
3  administrative functions in connection with a pending case (e.g.,
4  evaluating evidence previously assembled by the police), Buckley, 509
5  U.S. at 273; Schlegel, 841 F.2d at 943; Demery v. Kupperman, 734 F.2d
6  1139, 1144 (9th Cir. 1984); and (3) deciding whether or not to bring
7  charges, Hanson v. Black, 885 F.2d, 642, 646 (9th Cir. 1989).

8      If the conduct upon which a civil rights claim is based falls
9  within the prosecutorial function, the scope of the defendant's
10 immunity is absolute.  Courts have afforded immunity even when the
11 prosecutor allegedly (a) concealed, spoilated or destroyed exculpatory
12 evidence, Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d
13 675, 678 (9th Cir. 1984); (b) withheld evidence favorable to Plaintiff
14 and instructed a witness to testify evasively, Hilliard v. Williams,
15 540 F.2d 220 (6th Cir. 1976); (c) had Plaintiff improperly indicted,
16 suborned perjury at trial and filed false affidavits.  Bruce v. Wade,
17 537 F.2d 850 (5th Cir. 1976).  The prosecutor's motive or intent is
18 irrelevant.  See McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir.
19 1987).  Moreover, alleging that a prosecutor was part of a conspiracy
20 to violate constitutional rights does not overcome the absolute
21 immunity for the prosecutor.  See Ashelman v. Pope, 793 F.2d 1072,
22 1077-79 (9th Cir. 1986)(en banc)(allegations of conspiracy between
23 judge and prosecutors insufficient to overcome their immunities).  See
24 also Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2nd Cir. 1995).

25     Plaintiff alleges that his rights have been violated by the
26 Defendant prosecutors.  However, Defendants are entitled to absolute
27 immunity from civil rights damages liability.
28

**CONCLUSION AND ORDER**

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above, and to allege a cognizable constitutional claim Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Complaint is dismissed with leave to amend; and (2) Plaintiff is granted 30 days from the date of this memorandum and order within which to file a "First Amended Complaint." The First Amended Complaint must be complete within itself and shall not incorporate by reference and portion of the original Complaint. Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements set forth in this Memorandum and Order may result in a recommendation that this action be dismissed with prejudice.

DATED: December 17, 2010          /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE