O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VANCE BLAINE,

                Plaintiff,

     v.

LESLEY KLEIN et al.,

                Defendants.

Case No. CV 10-9038-CJC (JPR)

MEMORANDUM OPINION AND ORDER
DISMISSING COMPLAINT FOR
FAILURE TO SERVE

    On October 27, 2011, Plaintiff Vance Blaine lodged with the Court what he purported were proofs of service on the named Defendants in this case, along with a motion for default judgment against each one.  He also filed a Motion for Appointment of Counsel.  Because Plaintiff has had numerous extensions of time within which to properly serve Defendants and has repeatedly failed to do so, this action is hereby DISMISSED and Plaintiff's Motion for Appointment of Counsel is DENIED as moot.

    On November 23, 2010, Plaintiff filed a § 1983 civil rights action pro se against the Compton Police Department and numerous other defendants.  He paid the $350 filing fee; his prisoner

trust-account statement demonstrated that he had more than $35,000 in that account at the time and had maintained a monthly average of more than $36,000 for the prior six months. On December 17, 2010, the previously assigned U.S. Magistrate Judge dismissed the original Complaint for failure to state a claim but allowed Plaintiff 30 days in which to file a First Amended Complaint.

Plaintiff filed the First Amended Complaint on January 24, 2011. On April 15, 2011, the Court ordered Plaintiff to effect service on the Defendants within 120 days and warned Plaintiff that failure to do so could result in dismissal of the action.

On June 13, 2011, Plaintiff filed what he claimed were proofs of service of the First Amended Complaint on each named Defendant. On July 28, 2011, the Court issued an order finding that Plaintiff had failed to properly effect service on the Defendants and ordered him to do so within 30 days or face dismissal. The Court carefully delineated the service rules and explained to Plaintiff what he needed to do to properly effect service.

On August 8, 2011, Plaintiff filed a request that the U.S. Marshal's Service be ordered to serve the Defendants. On August 19, 2011, the Court denied Plaintiff's request on the ground that he is not indigent and therefore did not meet the requirements of 28 U.S.C. § 1915 for service by the Marshal's Service.

On August 24, 2011, Plaintiff sought an extension of time within which to serve Defendants, which the Court granted on August 26, 2011. The Court gave Plaintiff 60 additional days to serve Defendants but warned that he must comply with Federal Rule of Civil Procedure 4 in serving them.

On October 3, 2011, Plaintiff filed what he purported to be

proofs of service as to each Defendant as well as a motion for default judgment for each. On October 11, the Court denied the motions, explaining to Plaintiff that "none of the Defendants against whom default judgment is sought were properly served within the meaning of Federal Rule of Civil Procedure 4(e) or California Code of Civil Procedure sections 415.10, 415.20, or 415.30." The Court reminded Plaintiff that he continued to have until October 26 to properly effect service. The Court also noted as follows:

> Plaintiff has received numerous extensions of time since April 2011 in which to properly serve the Defendants. Because Plaintiff had more than $35,000 in his trust account as of November 2010, service by the U.S. Marshals is not appropriate. Plaintiff is hereby advised that his continuing failure to comply with the Court's directive that proper service be effected may result in a recommendation of dismissal of this lawsuit.

Plaintiff's October 26 submissions purport to show service on each Defendant through process server William Hackney, who alleges in a sworn affidavit that he placed "a copy of the Summons and Complaint" in an "envelope with first class postage thereon fully paid in the United States mail at California Medical Facility on September 2, 2011."[1]

Federal Rule of Civil Procedure 4(e)(1) allows service of summonses in accordance with state law (Rule 4 does not itself

---

[1] Confusingly, Plaintiff's October 26 lodgings relating to service were apparently signed on the same day – September 2 – as the October 3 filings.

3

permit service by mail). California Rule of Civil Procedure 415.30 allows service by mail, but subsection (c) specifically states that service is not complete until "a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to sender." Plaintiff has not submitted to the court any proof that any of the Defendants ever received or acknowledged the First Amended Complaint or Summons. Thus, proper service has not been effected. See Barlow v. Ground, 39 F.3d 231, 234 (9th Cir. 1994) (affirming dismissal of action because plaintiff had no proof service was ever completed under Rule 415.30).

"If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); see Boudette v. Barnette, 923 F.2d 754, 757 (9th Cir. 1991) (affirming dismissal of complaint for failure to timely serve summons and complaint).

Here, Plaintiff has not effected service on any of the named Defendants. While the Court is mindful that Plaintiff is proceeding pro se, he nonetheless has a responsibility to follow the Rules of Civil Procedure and this Court's orders regarding service. Moreover, as Plaintiff appears to be far from indigent,[2] he presumably had access to various resources to properly effect service.

---

[2] For this reason and others, Plaintiff's request for the appointment of counsel is inappropriate, and the Court denies it as moot in light of its Order dismissing this action.

4

1  Accordingly, it is ORDERED that this action be dismissed
2  without prejudice for failure to effect service on any of the
3  named Defendants.

5  Dated: November 4, 2011

CORMAC J. CARNEY
United States District Judge

10 Presented By:

Jean Rosenbluth
U.S. Magistrate Judge